UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MILTON WILSON** | **CIVIL ACTION** |
| **versus** | **NO. 12-722** |
| **ROBERT TANNER** | **SECTION: "N" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Milton Wilson, is a state prisoner incarcerated at the Rayburn Correctional Center, Angie, Louisiana. On October 24, 2006, he was convicted under Louisiana law of

possession with intent to distribute cocaine.[1] On February 23, 2007, he pleaded guilty to being a third offender and was sentenced as such to a term of thirty years imprisonment without probation or suspension of sentence.[2] On September 14, 2007, the Louisiana First Circuit Court of Appeal affirmed that conviction, habitual offender adjudication, and sentence.[3] The Louisiana Supreme Court then denied petitioner's related writ application on March 14, 2008.[4]

On or about June 8, 2008, petitioner filed with the state district court a "Motion to Set-Aside and/or Vacate Illegal Habitual Offender Sentence."[5] That motion was denied on June 17, 2008.[6]

On or about July 16, 2008, petitioner filed with the state district court an application for post-conviction relief.[7] That application was denied on August 5, 2008.[8] Petitioner's related writ

---

[1] State Rec., Vol. II of IV, transcript of October 24, 2006, p. 255; State Rec., Vol. I of IV, minute entry dated October 24, 2006; State Rec., Vol. I of IV, jury verdict form.

[2] State Rec., Vol. III of IV, transcript of February 23, 2007; State Rec., Vol. I of IV, minute entry dated February 23, 2007.

[3] State v. Wilson, No. 2007 KA 0584, 2007 WL 2686780 (La. App. 1st Cir. Sept. 14, 2007); State Rec., Vol. III of IV.

[4] State v. Wilson, 977 So.2d 930 (La. 2008) (No. 2007-KO-2131); State Rec., Vol. III of IV.

[5] State Rec., Vol. III of IV.

[6] State Rec., Vol. III of IV, Reasons for Judgment and Judgment dated June 17, 2008.

[7] State Rec., Vol. III of IV.

[8] State Rec., Vol. III of IV, Reasons for Judgment and Judgment dated August 5, 2008.

applications were then denied by the Louisiana First Circuit Court of Appeal on December 8, 2008,[9] and May 13, 2009,[10] and by the Louisiana Supreme Court on April 9, 2010.[11]

In the interim, on or about July 26, 2009, petitioner filed with the state district court a "Motion for New Trial for Newly Discovered Evidence."[12] That motion was denied on November 12, 2009.[13]

Petitioner then filed with the state district court another application for post-conviction relief on or about June 18, 2010,[14] as well as a "Memorandum of Law in Support of P.C.R." on or about June 30, 2010,[15] a "Request [for] Leave to Amend Application on P.C.R." on or about September 5, 2010,[16] and a "Motion to Enforce Sentencing Agreement" on or about

---

[9] State v. Wilson, No. 2008 KW 1842 (La. App. 1st Cir. Dec. 8, 2008); State Rec., Vol. III of IV.

[10] State v. Wilson, No. 2009 KW 0020 (La. App. 1st Cir. May 13, 2009); State Rec., Vol. III of IV.

[11] State ex rel. Wilson v. State, 31 So.3d 387 (La. 2010) (No. 2009-KH-1470); State Rec., Vol. III of IV. The Louisiana Supreme Court also denied reconsideration of that judgment on May 28, 2010. State ex rel. Wilson v. State, 36 So.3d 239 (La. 2010) (No. 2009-KH-1470); State Rec., Vol. III of IV.

[12] State Rec., Vol. III of IV.

[13] State Rec., Vol. III of IV, Judgment with Reasons dated November 12, 2009.

[14] State Rec., Vol. III of IV.

[15] State Rec., Vol. III of IV.

[16] State Rec., Vol. III of IV.

September 13, 2010.[17] The state district court denied all forms of relief on October 4, 2010,[18] and November 19, 2010.[19] Petitioner's related writ applications were likewise denied by the Louisiana First Circuit Court of Appeal on February 18, 2011,[20] and by the Louisiana Supreme Court on February 3, 2012.[21]

In the interim, on or about February 2, 2011, petitioner filed with the state district court a document entitled "Petition for Declaratory and Injunctive Relief."[22] That petition was denied on May 13, 2011.[23]

On February 24, 2012, petitioner filed the instant application for federal *habeas corpus* relief. The state concedes that petitioner's federal application is timely;[24] however, the state argues that the application must be dismissed because petitioner failed to exhaust his state court remedies.[25]

---

[17] State Rec., Vol. III of IV.

[18] State Rec., Vol. III of IV, Judgment with Reasons dated October 4, 2010.

[19] State Rec., Vol. III of IV, Order dated November 19, 2010.

[20] State v. Wilson, No. 2010 KW 2002 (La. App. 1st Cir. Feb. 18, 2011); State Rec., Vol. III of IV.

[21] State *ex rel.* Wilson v. State, 79 So.3d 324 (La. 2012) (No. 2011-KH-0516); State Rec., Vol. III of IV.

[22] State Rec., Vol. III of IV.

[23] State Rec., Vol. III of IV, Judgment with Reasons dated May 13, 2011.

[24] Rec. Doc. 8, p. 4.

[25] Rec. Doc. 8, pp. 4-6.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's *highest court* in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). Therefore, to determine whether the instant federal claims are exhausted, this Court must compare those claims to the ones petitioner presented to the Louisiana Supreme Court.

In his federal application, petitioner asserts the following claims:

1. Petitioner's trial counsel was ineffective in the following respects:

    A. Counsel failed to adequately investigate the sentencing agreement with law enforcement officials, and, as a result, petitioner received a longer sentence;

    B. Counsel failed to object to the prosecutors' repeated incorrect references to petitioner possessing 400 grams of cocaine when the actual amount was only 4.22 grams, and

|      | counsel failed to move for an admonishment or new trial based on the misstatements; |
|------|---|
| C.   | Counsel failed to obtain petitioner's financial records and to call witnesses to prove that the funds seized at the time of his arrest were legitimate earnings rather than proceeds from drug sales; |
| D.   | Counsel failed to call witnesses to prove that petitioner was a drug addict and that the quantity of cocaine in his possession was consistent with an amount for his personal use rather than for distribution; |
| E.   | Counsel failed to research the law to show that the quantity of cocaine was consistent with personal use and to adequately cross-examine the state's expert on this point; |
| F.   | Counsel failed to challenge La.Rev.Stat.Ann. §§ 15:500 and 501 as being in violation of the federal Confrontation Clause; and |

> G. Counsel failed to investigate whether the funds seized at his arrest were in fact drug proceeds;
>
> 2. The state breached the sentencing agreement;
>
> 3. Petitioner's appellate counsel was ineffective;
>
> 4. The State of Louisiana through the Prison Legal Aid Office is responsible for any and all procedural defaults due to a breach of duties under Bounds v. Smith, 430 U.S. 817 (1977); and
>
> 5. There was insufficient evidence to support petitioner's conviction.

As previously explained, for petitioner to have exhausted his state court remedies, all of those claims must have previously been fairly presented to the Louisiana Supreme Court. For the following reasons, it is clear that they were not.

With respect to the conviction challenged herein, petitioner filed writ applications with the Louisiana Supreme Court in case numbers 2007-KO-2131, 2009-KH-1470, and 2011-KH-516.[26] Even broadly construing those writ applications, the Court finds that only the following claims of petitioner's federal application were fairly presented to the Louisiana Supreme Court: Claim 1(C) (in 2011-KH-516); Claim 1(D) (in 2011-KH-516); Claim 1(E) (in 2011-KH-516); Claim

---

[26] Those writ applications are included in Volume IV of the state court record.

1(F) (in 2011-KH-516);[27] Claim 2 (in 2009-KH-1470); and Claim 5 (in 2007-KO-2131 and 2011-KH-516).

Based on the foregoing, the Court finds that the following claims are therefore unexhausted: Claim 1(A),[28] Claim 1(B),[29] Claim 1(G),[30] Claim 3, and Claim 4.[31]

---

[27] The State argues that Claim 1(F) is not exhausted. However, it was included (albeit in a very cursory manner) in footnote 1 in the writ application in case number 2011-KH-516.

[28] As noted, petitioner brought a separate (and properly exhausted) claim that the state breached the sentencing agreement. However, he never asserted an *ineffective assistance of counsel* claim based on those facts to the *Louisiana Supreme Court*. "The exhaustion requirement is not satisfied if the prisoner presents *new legal theories* or factual claims in his federal habeas petition." Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (emphasis added); see also Anderson v. Harless, 459 U.S. 4, 6 (1982) (a claim is not exhausted simply because the facts necessary to support the federal claim were before the state courts or because a somewhat similar claim was asserted). This is true even though petitioner asserted a related ineffective assistance claim to the *state district court* in his 2008 post-conviction application. A claim is not "fairly presented" to the Louisiana Supreme Court for exhaustion purposes unless it is expressly asserted in the body of the writ application filed with that court. See Baldwin v. Reese, 541 U.S. 27, 31-32 (2004) ("[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.").

[29] Although petitioner asserted this claim to the district court in his 2008 post-conviction application, the claim was not preserved and expressly asserted to the Louisiana Supreme Court in the related writ application and so, again, it was not "fairly presented" to that court. See *supra* note 28.

[30] Although petitioner alleged the facts underlying this claim as part of a Brady/insufficient evidence claim in case number 2011-KH-516, he never asserted to the Louisiana Supreme Court an *ineffective assistance of counsel* claim concerning these same underlying facts. Therefore, the claim is not exhausted, because he is now proceeding under a different legal theory. See *supra* note 28.

[31] While this claim was not asserted to the Louisiana Supreme Court, this Court notes that it is not a proper substantive claim in a federal proceeding in any event. Rather, this "claim" merely argues cause for any procedural default.

Accordingly, petitioner's federal application is a mixed petition and should be dismissed without prejudice on that basis. Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition of **Milton Wilson** for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-ninth day of May, 2012.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**